UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

RICHARD MAYNOR BLACKSTOCK          CIVIL ACTION NO. 1:07-CV-2135
      Fed. Reg. No. 09936-062
VS.                                SECTION P
                                JUDGE DRELL
WARDEN JOE KEFFER, ET AL.          MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Before the court are: (1) a *pro se* petition for "Writ of Habeas Corpus Ad Subjiciendum According to the Course of the Common Law Arising Under Article I Section 9 of the Federal Constitution" [rec. doc. 1] filed on December 7, 2007; (2) a *pro se* "Application for Federal Writ of Habeas Corpus Under 28 U.S.C. §2241 (This is Not a Code Habeas Corpus)" filed on December 12, 2007 [rec. doc. 4]; and a *pro se* "Errata Writ of Habeas Corpus Ad Subjiciendum According to the Course of the Common Law Arising under Article I Section 9 of the Federal Constitution" [rec. doc. 5] filed on December 14, 2007. These pleadings were filed by *pro se* petitioner Richard Maynor Blackstock. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the United States Penitentiary, Pollock, Louisiana (USPP) where he is serving a forty-eight month sentence. He was convicted in the United States District Court for the Northern District of Oklahoma of 32 counts of aiding and assisting the preparation of fraudulent tax returns. <u>United</u>

<u>States v. Blackstock</u>, No. 4:06-cr-00062 (N.D.Okla.)  Petitioner,

through these various pleadings, collaterally attacks the

convictions and sentences.  He asks the court to "[r]everse and

vacate the lower court's conviction, sentence and all associated

fines and penalties; and, ... [o]rder Blackstock's immediate and

unconditional release from incarceration ... [and] [a]ny and all

other relief this court deems proper and necessary." [rec. doc.

1-3, p. 28]

This matter has been referred to the undersigned for review,

report, and recommendation in accordance with the provisions of

28 U.S.C. §636 and the standing orders of the court. For the

following reasons it is recommended that the petitions and

applications [rec. docs. 1,4, and5] be **DENIED** and **DISMISSED WITH**

**PREJUDICE.**

### *Statement of the Case*

On June 22, 2006, petitioner was found guilty of thirty-two

counts of aiding and assisting the preparation of fraudulent tax

returns in violation of 26 U.S.C. §7206(2) following trial by

jury in the United States District Court for the Northern

District of Oklahoma.  Thereafter he was sentenced to serve 36

months imprisonment on Count 1 and 12 months each on all of the

remaining counts. The 12 month sentences were ordered to run

concurrently with each other but consecutive to the sentence

imposed on Count 1, thus resulting in a total sentence of 48

2

months imprisonment.   See <u>United States v. Blackstock</u>, No. 4:06-cr-00062 (N.D.Okla.).

Petitioner filed a *pro se* appeal to the United States Tenth Circuit Court of Appeals challenging the sufficiency of the indictment, the personal and subject matter jurisdiction of the district court, the trial court's jury instruction, and, the trial court's use of judge found facts to calculate sentence; he also raised a claim of ineffective assistance of counsel.

While his appeal was pending, he filed a *pro se* pleading in the district court. The pleading was construed as a Motion to Vacate filed pursuant to 28 U.S.C. §2255.[1]   The district court

---

[1] As noted by the court, "On October 6, 2006, Defendant, appearing pro se, filed a petition for writ of habeas corpus. He states he seeks issuance of a writ of 'habeas corpus ad subjiciendum.' The petition was filed in Case No. 06-CV-554-TCK. In the 'jurisdiction' section of his petition, Defendant cites to 28 U.S.C. § 2255 as providing authority for his claims that he is being 'unlawfully and illegally ... restrained of his liberty.' As his remedy, Defendant states: 'The Petitioner should immediately be discharged and voided the Case 4:06-cr-00062-TCK Indictment, trial by jury and verdict vacated as a matter of law for the forgoing issues of lack of cognizance of this Class of Case arising under Article three and because of the status of the Petitioner's citizenship.' Pursuant to the Court's Order filed October 24, 2006 (Dkt.# 134), the Clerk entered the petition for writ of habeas corpus as a 28 U.S.C. § 2255 motion (Dkt.# 135) on the docket of Case No. 06-CR-062-TCK.

On October 26, 2006, Defendant filed a motion to vacate (Dkt.# 140), demanding that the undersigned 'immediately void and vacate the unlawful ORDERS in 4:06-cr-0062 at Docket 134 and in the Case of the Great Writ of Habeas Corpus in 4:06-cv-00554 at Docket 8 and restore Blackstock's Writ of Habeas Corpus as an independent civil Case in 4:06-cv-00554....' See Dkt. # 140 at 5. Although Defendant himself cited to 28 U.S.C. § 2255 in his habeas petition as a source of authority for the relief he seeks, he now asserts that his citation to § 2255 was 'by ERROR.' Id. at 2. Upon review of the argument presented by Defendant in his motion requesting vacation of the Court's prior Order, the Court finds no error in the determination that this matter shall be adjudicated as a 28 U.S.C. § 2255 motion. Therefore, Defendant's motion to vacate shall be denied."

<u>U.S. v. Blackstock</u>, 2000 WL 35462839 at *1

dismissed motion to vacate without prejudice citing United States v. Prows, 448 F.3d 1223, 1228 (10th Cir. 2006) (District Courts should refrain from adjudicating collateral proceedings while the challenged conviction remains on direct appeal.)

> The District Court further cautioned petitioner,
>
> Should Defendant fail to obtain relief from the Tenth Circuit [in his direct appeal], his exclusive post-conviction remedy will be a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255. Defendant should consider carefully the ramifications of any further rushed filings in this Court. A defendant who files and loses a § 2255 motion must meet stringent standards in order to pursue a second motion under the statute. Based on the procedural basis for the resolution of this matter, the Court finds that should Defendant file another § 2255 motion after conclusion of his direct appeal, any such motion will be considered to be Defendant's first § 2255 motion. In other words, the dismissal of this action without prejudice will not count against Defendant should he pursue a collateral challenge under § 2255 after conclusion of his direct appeal."

United States v. Blackstock, 2000 WL 35462839, at *2.

Petitioner appealed the denial of his habeas petition and that appeal was consolidated with the direct appeal.

On August 14, 2007 the Tenth Circuit affirmed his convictions and sentences. [see United States v. Blackstock, 245 Fed. Appx. 746, 2007 WL 2309782 (10th Cir. 2007)] With respect to the appeal of the District Court's denial of his petition seeking collateral review, the court of appeal determined, "The district court made it clear in its order dismissing the petition that Blackstock would have the ability to re-file his habeas petition

4

after the disposition of his direct appeal; therefore, the
district court's disposition was without prejudice, and
consequently non-final. Because we lack jurisdiction over the
appeal, we dismiss Blackstock's habeas appeal..." United States
v. Blackstock, 245 Fed. Appx. at 749, 2007 WL 2309782 at **2.

Petitioner sought further review of the Tenth Circuit's
judgment by filing an application for certiorari in the United
States Supreme Court. The application for certiorari was denied
by the United States Supreme Court on February 19, 2008.
Blackstock v. U.S., --- S.Ct. ----, 2008 WL 423646, 76 USLW 3374,
76 USLW 3429, 76 USLW 3439 (U.S. Feb 19, 2008).

Petitioner filed the instant suit on December 7, 2007. He
has raised the same claims raised on direct appeal and submits
additional argument contesting the jurisdiction of the federal
courts and the authority of Congress to inhibit the writ of
Habeas Corpus by statutory enactments.[2] He also contends that the

---

[2] The original petition consists of 56 typewritten double-spaced pages.
[see rec. docs. 1 - 1-3.] Petitioner was directed to amend his petition in
accordance with LR 3.2W, which provides, "Every complaint filed by a prisoner
who is not represented by an attorney (i.e. who is proceeding 'pro se')
complaining of violation of their constitutional rights (including state
prisoners and federal prisoners) or seeking a writ of habeas corpus under 28
U.S.C. §2241 and 28 U.S.C. §2254) shall be typed or legibly written on forms
supplied by the Court and signed by the prisoner. The prisoner shall follow
the instructions provided with the forms and complete the forms using only one
side of the page. After completely filling out the Court-approved form, the
prisoner may attach additional pages containing additional information. In
cases asserting constitutional claims, however, no more than five typewritten
or ten legible handwritten pages may be attached to the form ..."

Petitioner reluctantly complied with the court's order to amend his pleading
to comply with the local rule. His amended petition notes that the basis of
his petition is, "Jurisdiction of Court, all elements of indictment, trial by
jury (sic) and sentencing." [rec. doc. 4, ¶2(h)] His amended petition also

Tenth Circuit's judgment on appeal, in so far as it "affirmed" all remaining claims, indicates that court's intention to grant him relief on appeal. [See rec. doc. 1; rec. doc. 4, p. 5]

### Law and Analysis

Petitioner is collaterally attacking convictions and sentences that were not imposed by this court.  He expressly files this action as a *habeas corpus* petition but argues that it arises under the "common law" and not under the statutory provisions of 28 U.S.C. § 2241. Nevertheless, and regardless of how he characterizes the petition, it is clearly a collateral attack on convictions and sentences that were imposed by the United States District Court for the Northern District of Oklahoma.

Title 28 U.S.C. §2255 provides the primary means to collaterally attack federal convictions and sentences.  <u>Pack v.</u>

---

articulates the following claims for relief: "The Writ of Habeas Corpus ad Subjiciendum, a common law writ, is filed into a court of the United States arising under Article III in all cases in law and equity exercising the judicial power of the United States under the Authority of the United States. United States District Court is a territorial court only given the appearance of a[n] Article III Court – see 28 U.S.C. §132. U.S.D.C. exercises no judicial power of the United States under the authority of the United States arising under Article III in all cases in Law & Equity. No definite 'law of Congress' disclosed to jury, no 'legal duty' disclosed being a question of law. And Law, see Habeas Corpus ad Subjciendum pgs. 1-57 with verified affidavit. See political and Citizen status attachment 1 of Habeas Corpus  – not a 'citizen of United States.' Petitioner is challenging U.S.D.C. & 'Code' as 28 U.S.C. §2241 is only a 'law of Congress' where Congress was plenary. But the territories in Art. IV are 'Article I' powers. Petitioner is being denied the secured right of a common-law writ of habeas corpus ad subjciendum. Richard Blackstock files this form under threat, duress, and coercion – no form of Habeas Corpus can be denied. Note 72 hours for habeas corpus." [rec. doc. 4, ¶7]

6

<u>Yusuff</u>, 218 F.3d 448, 451 (5th Cir. 2000) quoting <u>Cox v. Warden,</u>
<u>Fed. Detention Ctr</u>., 911 F.2d 1111, 1113 (5th Cir.1990). Put
another way, "The proper vehicle for attacking errors that
occurred during or before sentencing is a 28 U.S.C. § 2255
motion." <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th
Cir.2001).

     *Habeas corpus* relief is available only under the so-called
"savings clause" of §2255; and such relief is available only if
the petitioner "... establishes that the remedy provided for
under § 2255 is 'inadequate or ineffective to test the legality
of his detention.'" <u>Henderson v. Haro</u>, 282 F.3d 862, 863 (5th
Cir. 2002) citing <u>Cox v. Warden</u>, <u>Fed. Detention Ctr.</u>, 911 F.2d
1111, 1113 (5th Cir.1990) (citing <u>McGhee v. Hanberry</u>, 604 F.2d 9,
10 (5th Cir.1979)); <u>Tolliver v. Dobre</u>, 211 F.3d 876, 877 (5th
Cir. 2000). More specifically, the "savings clause" provides, "An
application for a writ of *habeas corpus* in behalf of a prisoner
who is authorized to apply for relief by motion pursuant to this
section, <u>shall not be entertained if it appears that the</u>
<u>applicant has failed to apply for relief, by motion, to the court</u>
<u>which sentenced him</u>, or that such court has denied him relief,
<u>unless it also appears that the remedy by motion is inadequate or</u>
<u>ineffective to test the legality of his detention</u>." 28 U.S.C. §
2255. [emphasis supplied] Clearly, while petitioner has
previously applied for relief in the court of conviction, his

                                    7

motion was dismissed without prejudice to his right to re-file the motion once direct review concluded. Direct review concluded with the recent denial of *certiorari* by the Supreme Court. Petitioner may now re-urge his collateral attack in the Northern District of Oklahoma.

Further, to the extent that petitioner may still maintain that the remedy provided by §2255 is ineffective, he bears the burden of demonstrating such ineffectiveness. Henderson, 282 F.3d at 863 citing Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001) (per curiam). In order to demonstrate ineffectiveness, petitioner must show two things: First, his claim for relief must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Id.* citing Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir.2001). Second, relief must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion." *Id.* The instant petition, no matter how characterized, does neither and consequently fails to satisfy this test.

*Habeas corpus,* regardless of the legal theory under which it is filed, provides no substitute for §2255. Reyes-Requena, 243 F.3d at 901. Furthermore, Congress's "... substitution of a collateral remedy [such as is provided by §2255] which is neither

8

inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus" in contravention of Article 1, § 9 of the Constitution)." *Id.*, at fn. 19, citing and comparing favorably, <u>Swain v. Pressley</u>, 430 U.S. 372, 381, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977).

Since it is clear that petitioner has never litigated the merits of a motion to vacate under §2255 in the United States District Court for the Northern District of Oklahoma, the undersigned is simply without authority to rule on the legality of his conviction and sentence.[3] See <u>Tran v. Conner</u>, 275 F.3d 1081 (5th Cir. 2001)(When a litigant fails to show that his §2255 remedies are ineffective and inadequate under the Savings Clause, the District Court does not err when it orders dismissal of the improper habeas corpus petition for lack of jurisdiction.)

Since petitioner has not demonstrated that the remedy afforded under §2255 is inadequate or ineffective to test the legality of his incarceration or that this court may otherwise properly entertain the present application under any other statutory or common law theories,

**IT IS RECOMMENDED** that the petition for "Writ of Habeas

---

[3] As shown above, the district court dismissed petitioner's first Motion to Vacate without prejudice and specifically directed petitioner to avail himself of the remedy provided by 28 U.S.C. §2255; the Tenth Circuit Court of Appeals likewise noted that the dismissal was without prejudice to petitioner's right to seek relief under §2255 once the appeal process had concluded.

9

Corpus Ad Subjiciendum According to the Course of the Common Law Arising Under Article I Section 9 of the Federal Constitution" [rec. doc. 1], the "Application for Federal Writ of Habeas Corpus Under 28 U.S.C. §2241 (This is Not a Code Habeas Corpus)" [rec. doc. 4], and the "Errata Writ of Habeas Corpus Ad Subjiciendum According to the Course of the Common Law Arising under Article I Section 9 of the Federal Constitution" [rec. doc. 5] be **DENIED AND DISMISSED** with prejudice.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  a party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415**

10

(5th Cir. 1996).

In Chambers, Alexandria, Louisiana, this _____ day of

_____ March _____ , 2008.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

11